

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 11, 1961

Honorable William A. Harrison
Commissioner
State Board of Insurance
International Life Building
Austin 14, Texas

Opinion No. WW-1128

Re: Whether the relationship estab-
lished between the fire and casualty
company and the local recording
agent or between the sub-agent and
the general agent by certain con-
tracts would make such local re-
cording agents eligible to be
insured under a group life insur-
ance policy issued to the fire and
casualty company or to the general

Dear Mr. Harrison:

agent.

Your opinion request inquiring whether local recording agents of a
company, or the sub-agents of a general agent, may be eligible for group
life insurance under a policy issued to the casualty company or to the general
agent represented by said recording agents involves the interpretation of
Article 3.50, Section 1 (1) (a) of the Insurance Code, which provides, in
part, as follows:

". . . The policy may provide that the term
'employees' shall include . . . the employees, indivi-
dual proprietors, and partners of one or more affiliated
. . . proprietors or partnerships if the business of the
employer and of such affiliated . . . proprietors or
partnerships is under common control through . . .
contract, or otherwise. . . ."

It is apparent that by the enactment of this amendatory language in
1947 (Acts 50th Leg., ch. 208, H. B. 420, p. 366), the Legislature sought,
through the expansion of the definition of "employees," to enlarge the classi-
fication of groups of persons legitimately entitled to the benefits of group
insurance. It is stated in Volume 39 of Texas Jurisprudence at page 258:

"In enacting an amendment, the Legislature is
presumed to have intended to change the law, and a

> construction should be adopted that gives effect to
> the intended change, rather than one which renders
> the amendment useless. "

In construing the language of the statute here considered, we are to be guided by those settled rules of statutory interpretation providing that the primary consideration is the ascertainment of the legislative intent, and that an act should be given a fair, reasonable, and rational construction.

The Legislature, while expanding the definition of "employees," also incorporated significant limitations upon the groups permitted to be covered by requiring that the entities set out in the statute be "affiliated," and by requiring that the business of the employer and the affiliated entity be under common control, "through . . . contract or otherwise. " In imposing these requirements, the Legislature sought to insure that the advantages of group insurance would be available only to closely knit groups of persons, bound together in a common endeavor, whose interest in securing such insurance would not be the prime motivating factor in their association.

We are of the opinion that the local recording agents and the company, or the sub-agents and general agent, are "affiliated" inasmuch as they are associated for the purpose of placing insurance and work in close connection to achieve that end. Further, it is apparent from the agency contracts and bond forms submitted with your request that the business of the agents and the employer is under common control with regard to the insurance written for the particular company or under the particular general agent. These elements of control are found in the contract provisions requiring prompt remittances to the carrier or general agent, compliance with rules and regulations promulgated by the carrier or general agent, and the filing of certain reports required of the agents by the company or general agent. Obviously, the expanded definition of "employees" and the use of the language "through . . . contract or otherwise, " evidences the intention of the Legislature not to require that degree of control normally encountered in the ordinary employer-employee relationship.

In view of the foregoing, it is our opinion that your question should be answered affirmatively.

## SUMMARY

The relationship established between the fire and casualty company and the local recording agent or between the sub-agent and the general agent by their agency contracts would make such local recording agents eligible to be insured under a group life insurance policy issued to the fire and casualty company or to the general agent.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Dudley D. McCalla
Dudley D. McCalla
Assistant Attorney General

DDM/lmc/pe

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

W. Ray Scruggs
Elmer McVey
John Reeves
Ben Harrison

REVIEWED FOR THE ATTORNEY GENERAL

BY:        Howard W. Mays